The last case on for argument today is United States v. James Smith. And as counsel are coming up, I'll note that the final case, Randolph v. Commissioner of Social Security, is on submission. Ms. Barth. Good morning, Your Honor. Michelle Barth on behalf of Mr. Smith, who is the appellant. In this case, the judge said he was imposing a 24-year sentence on counts 1 and 2. So the problem presented here is that count 1 has a statutory maximum of 20 years. That's the Hobbs Act robbery. So we believe that the sentence was unlawful in three ways. Because it has to be imposed in court, count by count. That's right. Is that what you're saying? That's right. It's a pretty straight... It really boils down, and that's the normal practice. So here's what happened, I guess. Under the guidelines, and after all the calculations, the judge decided that they were going to impose the 24. And then, I guess, that was for counts 1 and 2. And then consecutive for count 3, that was a gun count, right? That's correct. So all the judge had to do was say 20 on 1, 24 on 2, concurrent, and consecutive on count 3, right? That's correct, if that was his intention. Yeah. And so it's impossible for the sentence on count 1 to be higher than 20 under the law. So why does it make a difference? Why isn't it just automatic that it's going to be 20 and then 24? Well, I think that there are two reasons for that. One is that's somewhat circular logic. And the second reason is because the guidelines are advisory. With respect to the circular logic, any time a judge fails to do something on the record that he is required to do, we don't then assume that he did it because the law required him to do it. Or did it correctly. Exactly, Your Honor. How about why wouldn't we just remand to the judge by just saying, you know, there was an error here. Did you really mean 20 years on one and 24 on the other? Well, I think we would have to remand it for a resentencing. A whole resentencing. You want a whole resentencing as opposed to just the judge correcting the record. I guess you would argue the defendant would have to be there and the judge would have to reimpose sentence that way. I think that makes the most sense because from this record, if count two were vacated, what are we left with? How could the defendant or this court know for sure what sentence the court intended to impose? And count one was the principal count driving the court's sentencing calculus. If we look at the sentencing transcript, it's not the drug counts so much that drove the court's calculus on the seriousness of the offense. It was the Hobbs Act robbery that was the focus of the parties in the court. Excuse me, but I understood Judge Walker's question to be, and if it wasn't that, I'm going to ask it, why don't we just, we, this court, just remand it to the district court to have the district court clarify the points that you are saying were in error? Well, we obviously have to have a clarification on it. And so the question I think that you're asking me is, well, why don't we just send it back and say, hey, Judge, did you mean 20 years? And I think that that is also a reasonable conclusion. However, the two counts need to be considered together in order to have the court. Exactly. Exactly. So that is essentially the argument in a nutshell. The court might look at- Well, I thought you were making a further argument that just sending it back so that the judge could go through the proper procedure and, in effect, enter a new judgment imposing 20 and 24 with the other consecutive and just correcting the paperwork. Wouldn't be enough. I mean, I thought you said you were arguing that there had to be some sort of a proceeding, a whole resentencing where the judge would impose an open court. I think it would be hard for the court to just parse out exactly what the appropriate sentence length is on each count without reconsidering the factors under 3553. So in that sense, it's a more full-blown sentencing reconsideration. And I think the court could look to some of the other circuits that have looked at this issue. And in Ward, which is a Third Circuit case, and Moriarty, both sent back for resentencing on all counts. So, okay. Thank you. Thank you, Ms. Barth. May it please the court. My name is Justina Gerasi. I'm an Assistant United States Attorney here in the Southern District of New York. And I represent the government on this appeal as I did before the district court below. Your Honors, there's no necessity to remand for resentencing in this case. The record clearly shows Judge Berman's intent regarding the sentence that he was imposing. Well, in terms of the guidelines and where, what the total sentence was going to be. But the judge imposed a sentence of 24 on counts 1 and 2. Now, what does that mean? Because you can't do it for 1. That's correct, Your Honor. Okay. So the judge made a mistake. Judge, respectfully, I don't think he made a mistake. What I believe is done here is in the absence of directly stating that something is running consecutively or concurrently, there's a presumption of concurrence. And that's under 18 U.S.C. 3584A. Yeah. If you impose 20 years on 1 and 24 years on 2 and say nothing about concurring or consecutive, they're concurrent. But you can't impose 24 on 1. Judge, respectfully, he didn't. What he said is 24 on counts 1 and 2. He said it actually twice in the sentencing transcript. So what he's doing is coming up with an aggregate sentence on those two counts. So let's assume that you've got gun counts, you've got telephone counts, you've got drug counts, you've got Hobbs Act counts, right? And you've got a whole slew of counts here. And they are all charged. And the judge just says, okay, hmm, I think 40 years is appropriate, 40-year sentence, and leaves the bench. Is that okay? Your Honor, that's not okay. I think this is a case-by-case basis as it's clear that this circuit hasn't adopted the per se rule that the Eleventh Circuit's adopted that you'll see in Moriarty. The reason for that rule, as explained by the Second Circuit, is we can't tell what the judge has done. And the only, as far as we can tell, the only the Eleventh Circuit has come up with this per se rule. Every other circuit looks at it on a case-by-case basis. Some circuits have a preference for a broken out sentence, but the reality is you can look at it on a case-by-case basis. So your Honor's example, if the judge gave no indication of where the sentence came from, there was nothing else on the record, just simply imposed a sentence that encapsulated multiple counts with perhaps different mandatory minimums, different maximums, it certainly wouldn't be all right. That's not this case, Your Honor. On the record before us, what Judge Berman said, both at the sentencing and even before that, at the plea, is that he absolutely understood crystal clear what the mandatory minimums in certain cases were and the statutory maximums for each count. Seven months before the sentence, he put on the record at the plea, and I could direct Your Honor to the plea transcript, pages 13 to 14, recited each statutory maximum for each count. Seven months later at the sentencing, and I'm sorry, I should note that he went through the Pimentel letter, the government's Pimentel letter, which also set forth the statutory maximums and minimums. At the sentencing then, although he didn't go through this very substantially, he did note that the Pimentel letter was the applicable plea that the defendant took. He reviewed and adopted the PSR on the record, again, which set forth correctly the statutory penalties, including the statutory maximum for count one, which seems to be the issue here. He adopted the factual findings of the PSR. He then discussed at length the robbery conspiracy, the narcotics conspiracy, and the cold-blooded murder that resulted from this botched robbery. So he went through, and he went through those to discuss the facts of the case, as well as the 3553a factors. He made a very fulsome record as to where his sentence came from. And I do agree with my colleague that the sentence on count one probably is the more substantial sentence, because the robbery is what caused the murder. It was an attempted robbery of a drug dealer. And Mr. Smith shot the person in the head in cold blood during the course of that robbery. So the idea of a 20-year sentence on that robbery count, it makes total sense. It is the more substantial of the acts that the judge was considering at sentencing. So, Your Honor, on this record, which is different than Your Honor's hypothetical, there's ample evidence that Judge Berman was not confused, there was no misunderstanding about what statutory maximum was applicable for each count, particularly count one. And what he did was aggregate the two sentences on count one and two. Count one essentially would have been the 20 years, because that's the statutory maximum, to run concurrently with the sentence on count two, which is the 24. And absent stating anything about running consecutively, we have a by matter of law, we know that the sentence is run concurrently. Your Honor, I would just say, unless the Court has additional questions, we would frankly a waste of judicial resources in this kind of situation, where we know the sentence that Judge Berman intended to impose, and which was imposed lawfully. There's no error to correct in this sentence, because the statute essentially provides an automatic presumption of concurrence. Thank you, Your Honor. Mr. Gerasi, just a point of interest. Where do we know, and maybe Ms. Barth does, if you don't, where is Mr. Smith now, geographically? I do not know. Do you know? I do. It's east coast, so it's close by. Okay. But he's not right next door, for example, or over in Brooklyn? Judge, I don't believe he's in the tri-state area, for example, but I think, I don't know. Thank you, Judge. Does tri-state include Pennsylvania? In my head, it does, Judge, but I don't think he's there either. Thank you. Ms. Barth. Just a couple of quick points. I don't think that it's true that no other circuit has adopted the 11th Circuit rule. The 3rd Circuit has, and the 7th Circuit in Cummings, and both of those cases are cited in my reply brief. The other thing I wanted to point out is, clearly, the judge understood this was an advisory guideline regime. The judge imposed 24 years on count two, and that was six years below the guideline's low end. So what's to say he wouldn't have adjusted further had he recognized that 24 years was too high on the Hobbs Act robbery? Thank you. Thank you. Thank you both. We'll reserve decision in this, the final case that we are actually hearing today on appeal, and then, as I noted, the last case is on submission, so I will ask the clerk, please, to adjourn the court. Court is adjourned.